UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNELL JAMES SHELTON SMITH, III,<br><br>Plaintiff,<br><br>v.<br><br>LA AMISTAD ELK GROVE, LP,<br><br>Defendant. | No. 2:14-cv-2443-KJM-KJN PS<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff Cornell James Shelton Smith, III, proceeding without counsel, has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 2.)[1] Plaintiff's application in support of his request to proceed *in forma pauperis* makes the showing required by 28 U.S.C. § 1915. Accordingly, the undersigned grants plaintiff's request to proceed *in forma pauperis*.

The determination that a plaintiff may proceed *in forma pauperis* does not complete the required inquiry. A federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

parties raised the issue or not"); accord <u>Rains v. Criterion Sys., Inc.</u>, 80 F.3d 339, 342 (9th Cir. 1996). The court must *sua sponte* dismiss the case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. <u>See</u> 28 U.S.C. §§ 1331, 1332(a).

In this case, plaintiff alleges that defendant and apartment complex La Amistad Elk Grove, LP, a California Limited Partnership dba Waterman Square Apartments, improperly evicted plaintiff and his daughter from their apartment by virtue of an unlawful detainer action of which plaintiff was provided no notice. According to plaintiff, defendant libeled/slandered plaintiff by falsely stating that plaintiff permitted other persons who were not on the lease to live in the apartment. Plaintiff claims that defendant locked him and his daughter out of the apartment, threatened other neighbors not to provide plaintiff with lodging, eventually had plaintiff arrested for trespass on the property, and also refused to provide plaintiff with a reasonable opportunity to reclaim his personal belongings in the apartment. On its face, plaintiff's complaint asserts claims for defamation, libel, and slander, and seeks approximately $4,500,000,000,000.00 in damages. (<u>See</u> ECF No. 1.)

Regardless of the merits of plaintiff's claims, on which the court expresses no opinion, the court concludes that it lacks federal subject matter jurisdiction over the action. As an initial matter, the court does not have diversity of citizenship jurisdiction, because although plaintiff seeks damages exceeding $75,000, both plaintiff and defendant are citizens of California.

Additionally, plaintiff's claims do not arise under federal law. Claims for defamation, libel, and slander are state law claims, and even if the court liberally construed the complaint to assert additional tort or property-type claims, such claims would likewise arise under state, and not federal, law. Furthermore, to the extent that plaintiff seeks review of the underlying unlawful detainer action, this court has no jurisdiction over unlawful detainer actions, which are brought pursuant to state law and fall strictly within the province of the state courts.

Finally, the court notes that plaintiff's complaint makes passing references to violations of the Fourth and Fifth Amendments to the United States Constitution, which can be liberally construed as potentially asserting claims under 42 U.S.C. § 1983. However, with certain exceptions not applicable here, plaintiff cannot state a viable section 1983 claim against defendant, because defendant is a private entity and not a state actor. See <u>American Mfrs. Mut. Ins. Co. v. Sullivan</u>, 526 U.S. 40, 50 (1999) (explaining that "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful").

Therefore, the court lacks federal subject matter jurisdiction over the action, and thus recommends that the action be dismissed on that basis. However, such dismissal should be without prejudice, giving plaintiff an opportunity to pursue his claims in state court, if he so desires.

Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is granted.

IT IS ALSO HEREBY RECOMMENDED that:

1. The action be dismissed without prejudice based on lack of federal subject matter jurisdiction.
2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

////

1   IT IS SO ORDERED AND RECOMMENDED.

2   Dated:  October 21, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE