UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNELL JAMES SHELTON SMITH, III,<br><br>Plaintiff,<br><br>v.<br><br>LA AMISTAD ELK GROVE, L.P.,<br><br>Defendant. | No. 2:14-cv-2443 KJM KJN PS<br><br><br>ORDER |

On October 21, 2014, the magistrate judge filed findings and recommendations (ECF No. 3), which were served on the parties and which contained notice that any objections to the findings and recommendations were to be filed within fourteen (14) days. On November 4, 2014, plaintiff filed objections to the findings and recommendations (ECF No. 4), which have been considered by the court.

Plaintiff's objections fail to demonstrate that the court has subject matter jurisdiction over the action. As the magistrate judge noted, with certain exceptions not applicable here, plaintiff cannot state a viable section 1983 claim against defendant, because defendant is a private entity and not a state actor. *See American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (explaining that "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful"). Although plaintiff's objections reference 42 U.S.C. § 1985, there is no indication in plaintiff's complaint or objections that

1

defendant conspired with a state actor, such as the police, to deprive plaintiff of his rights. To the contrary, plaintiff does not name any state actor as a defendant or make any allegations suggesting he could. As such, granting leave to amend to assert a claim under 42 U.S.C. § 1985 would be futile under the circumstances here.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having reviewed the file, the court finds the findings and recommendations to be supported by the record and by the proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 3) are adopted.

2. The action is dismissed without prejudice based on lack of federal subject matter jurisdiction.

3. The Clerk of Court shall vacate all dates and close this case.

DATED: January 12, 2015.

UNITED STATES DISTRICT JUDGE